Eastern District of Kentucky
FILED
JAN 1 1 2007
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON
NORTHERN DIVISION
CIVIL ACTION NO.: 06-14-DLB

LARRY ROBERTS, et al.,                                           PLAINTIFFS

v.

SOLIDEAL TIRE, INC., et al.,                                    DEFENDANTS

### MEMORANDUM ORDER

This matter is before the court on the motions of defendant/third-party plaintiff Solideal Tire, Inc. ("Solideal") to exclude plaintiffs' expert witness and to stay the deadline for disclosing defendant's own experts.

Plaintiff Larry Roberts and his wife filed this civil action on November 28, 2005 in state court, seeking damages for physical injuries which occurred at the North American Stainless plant ("NAS") in Ghent, Kentucky on November 30, 2004. Defendants removed the action to this court on January 18, 2006. At the time of the accident, plaintiff testified that he was a mechanic employed by Wilson Diesel who worked almost exclusively at NAS. Mr. Roberts alleged he was injured during an attempted repair of a damaged tire. Two physicians treated Mr. Roberts for his back and/or neck conditions after the accident: Dr. Gregory Koo and Dr. Mitchell Simmons.

**Defendants' Motion to Exclude Plaintiffs' Expert Witness [DE #24]**

The defendants have moved for exclusion of plaintiffs' experts pursuant to Fed. R. Civ. P 37(c)(1). On December 1, 2006, plaintiffs filed a "disclosure of experts" which simply identifies

1

Dr. Koo and Dr. Simmons as "experts" who will testify, but includes no report or other documentation. Plaintiffs' disclosure report also requests additional time in which to disclose a liability expert following additional discovery.

The defendant argues that the plaintiffs' report fails to meet the standards laid out in Fed. R. Civ. P. 26(a)(2)(B) and that any testimony by the treating physicians should be excluded. Defendant also opposes any extension of plaintiffs' deadline for expert disclosures, noting that plaintiffs have engaged in no discovery whatsoever since this action was filed over a year ago. Defendant claims that the only discovery undertaken to date (by defendant) suggests that defendant is nothing more than the retailer of the tire and was in no way involved in the manufacturing process. Defendant contends that the evidence known to date "would indicate the failure was due to a manufacturing defect in the tire." Finally, defendant seeks a stay of its own expert disclosure deadline of January 15, until disposition of defendant's motion to exclude plaintiffs' experts.

Plaintiffs have failed to file any timely response to defendant's motions.

Fed. R. Civ. P. 26(a)(2)(B) explains the disclosure requirements for experts:

> Except as otherwise stipulated or directed the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony, and a listing of any other cases in which the witness has testified as an expert at trial or by deposition with the preceding four years.

2

Sanctions for failure to provide disclosure of experts under Rule 26 is governed by Fed. R. Civ. P. 37(c)(1), which states:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the sanctions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Plaintiffs' initial expert disclosure clearly does not comply with the requirements of Rule 26(a)(2)(B). The report provides nothing more than the identity of the two physicians. Nor have plaintiffs attempted to remedy the glaring deficiencies of their report, failing even to respond to defendants' motions. Although treating physicians are permitted to testify solely within the scope of their own diagnosis and treatment, compliance with Rule 26(a)(2) is required to the extent those physicians attempt to render expert opinions concerning causation or otherwise in anticipation of litigation. *See, e.g., Mohney v. USA Hockey, Inc.*, 138 Fed. Appx. 804 (6th Cir. 2005)(unpublished, text available on Westlaw); *Harville v. Venderbilt University, Inc.*, 95 Fed. Appx. 719 (6th Cir. 2003).

I conclude that the defendant's motions should be granted to the extent that Drs. Koo and Simmons are called to render any opinion outside of the scope of their diagnosis and treatment. *Accord Smith v. Botsford Gen. Hosp.*, 419 F.3d 513 (6th Cir. 2005). Although plaintiffs have failed to establish just cause for any extension of time to disclose their liability experts, a very brief extension will be granted in the interest of justice.

3

Accordingly, **IT IS ORDERED**:

1. Plaintiffs' construed motion to extend time in which to disclose a liability expert [DE #23] is **granted**, with plaintiffs to disclose any such expert in full compliance with Rule 26(a)(2) not later than **March 9, 2007**;

2. Defendants' motion to exclude plaintiffs' experts [DE #24] is **granted** in that Drs. Koo and Simmons will be limited to testifying about their diagnosis and treatment of plaintiffs' conditions and may not render expert opinions outside of the scope of diagnosis and treatment as reflected in the medical records;

3. Defendant's motion to stay disclosure of their own experts [DE #25] is **granted**. Defendants shall disclose any experts not later than **April 9, 2007**;

4. In light of the extension of expert disclosure deadlines, the deadline for filing dispositive motions is hereby extended until **April 30, 2007**. Except as reflected in this order, all deadlines in the scheduling order of May 25, 2006 to remain unchanged.

This 11th day of January, 2007.

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge