**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**at COVINGTON**

**CIVIL ACTION NO. 06-14-DLB**

**LARRY ROBERTS**
**and**                                                              **PLAINTIFFS**
**LINDA ROBERTS**

**vs.**                           **MEMORANDUM OPINION & ORDER**

**SOLIDEAL TIRE, INC.**                                      **DEFENDANT/**
                                              **THIRD-PARTY PLAINTIFF**

**vs.**

**TY CUSHION TIRE, LLC**                       **THIRD-PARTY DEFENDANT**


* * * * * * * * * * * * * * * * *

        This matter is presently before the Court on Motion for Summary Judgment filed by

Defendant, Solideal Tire, Inc. (Doc. #31).[1]  Plaintiffs filed a Response opposing Defendant's

motion (Doc. #33), to which Defendant has filed its Reply (Doc. #34).  This matter is

therefore ripe for review.  For the reasons that follow, Defendant's motion will be **granted**

**in part** and **denied in part**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

        Plaintiffs, Larry Roberts and his wife, Linda Roberts, claim that Larry Roberts

suffered bodily injuries and other damages as a result of an accident that occurred at the

North American Stainless plant in Ghent, Kentucky, on November 30, 2004.[2]  At the time

---

        [1]Solideal Tire is also a Third-Party Plaintiff in this litigation, having filed a Third-Party
Complaint against Ty Cushion Tire, LLC.

        [2]Larry Roberts alleges that he incurred damages including medical expenses, lost wages,
and pain and suffering.  Linda Roberts asserts that she has suffered the loss of consortium and
services of her husband.

of the accident, Larry Roberts was employed as a mechanic by Wilson Diesel.  Roberts was assigned to work at the North American Stainless plant (hereinafter "NAS") in Ghent, Kentucky.

On the date of the incident, NAS's pot carrier or "slag truck" (a large vehicle that transports extremely hot steel scraps from the plant's furnace to another area for recycling) was taken to the heavy equipment area at NAS due to a bulge that had developed on one of its tires.[3]  The subject tire had been recently installed on the slag truck.[4]  Roberts, Parker Howard (supervisor of heavy equipment and vehicles at NAS at the time of the incident), and Solideal Tire representative Rob Lake were present in the heavy equipment area as the problem with the tire was being addressed.  According to Plaintiff, Solideal Tire representative Rob Lake contacted his company's representatives in California to discuss the subject tire.  Plaintiff claims that, after a lengthy discussion with these representatives, Lake instructed him to attempt to relieve the pressure in the tire by puncturing it.  Defendant denies that Lake so instructed Plaintiff.

Plaintiff took a steel rod and hammer, intending to strike the rod with the hammer and thereby puncture the tire.  However, after placing the rod on the tire and before striking it, the bulge burst.  According to Roberts, the force of the blast spun him around and

---

[3]In its dispositive motion, Defendant states that Ty Cushion Tire manufactured the subject tire, and Defendant filed the Third-Party Complaint against Ty Cushion based on its status as the tire manufacturer.  Plaintiffs offer no proof to the contrary, or otherwise dispute this fact.  The Court is satisfied, based on Plaintiffs' silence on the matter and thereby implicit concession, that Defendant did not manufacture the tire in question.

[4]The subject tire was a "solid" tire, installed as an alternative to the standard pneumatic tires that NAS was having to replace on a frequent basis.

-2-

pushed him back, while hot, melted rubber shot into Lake's face and eyes.  Roberts says he was propelled across the work area, resulting in injury to his back and neck.

Minutes after the blast, certified EMTs arrived at the scene.  Plaintiff denied any physical injury and refused medical treatment or transport to a hospital for examination. Defendant points out that Roberts never complained of injuries to anyone at NAS after the accident.  Additionally, Plaintiff did not file a claim for worker's compensations benefits and continued to work his regular schedule for Wilson Diesel for the next six months. Defendant also notes that Plaintiff had been receiving treatment for back/neck ailments caused by a work-related auto accident for more than three years prior to the date of this incident.

Plaintiffs filed suit against Defendant in the Gallatin County Circuit Court on November 28, 2005.  Defendant subsequently removed the case to this Court based upon diversity subject matter jurisdiction.  In their Complaint, Plaintiffs allege that Defendant was negligent in instructing Roberts to relieve the pressure in the subject tire that was sold by Defendant to Roberts' employer.  In addition, relying upon K.R.S. §§ 255.2-313 and -315, Plaintiffs allege that Defendant violated the express warranty and/or implied warranty that the tire it placed into the stream of commerce was fit for its particular intended purpose. They further allege, relying upon K.R.S. § 255.2-314, that Defendant violated the implied warranty of merchantability that the tire was fit for the ordinary purposes for which such tires are used.  Pretrial discovery having now been completed, Defendant moves for summary judgment on all claims brought by Plaintiffs.

## II.  ANALYSIS

### A.    Standard of Review

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  A dispute over a material fact cannot be "genuine" unless a reasonable jury could return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The reviewing court must "view the evidence and draw all reasonable inferences therefrom in the light most favorable to the non-moving party."  *Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 361 (6th Cir. 2001).

Once the movant has met its initial burden of establishing that summary judgment may be appropriate as a matter of law, the opposing party cannot rest on its pleadings but must instead demonstrate that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 324.  "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts, it must present significant probative evidence in support of its complaint to defeat the motion for summary judgment." *Expert Masonry, Inc. v. Boone County, Ky.,* 440 F.3d 336, 341 (6th Cir. 2006).  If a reasonable jury could not return a verdict for the nonmoving party based on the evidence construed in its favor, summary judgment should be granted to movant. *See Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002).

B.    **Breach of Warranty Claims**

As noted, Plaintiffs assert claims based on Defendant's alleged violation of a variety of warranty statutes.  Defendant submits that all of Plaintiffs' warranty claims against it fail due to a lack of privity between these parties.  Defendant argues that it is entitled to summary judgment because Plaintiff Larry Roberts was not a party to the sale of the subject tire.  In his Response, Roberts offers no counterargument, effectively abandoning the breach of warranty claims as untenable.

Kentucky law requires privity where liability is predicated on warranty, as opposed to ordinary negligence or strict liability.  *Snawder v. Cohen*, 749 F. Supp. 1473, 1481 (W.D. Ky. 1990) (citing *Williams v. Fulmer*, 695 S.W.2d 411, 413 (Ky. 1985)).  Claims for breach of warranty under K.R.S. § 355.2-313, breach of implied warranty under K.R.S. § 355.2-314, and breach for the implied warranty of fitness for a particular purpose under K.R.S. § 355.2-315 all require privity between a claimant and a defendant.  *Munn v. Pfizer Hosp. Prods. Group, Inc.*, 750 F. Supp. 244, 248 (W.D. Ky. 1990) (noting that "Kentucky's commercial code does not expressly extend breach of warranty standing beyond the buyer/seller setting").

The Kentucky Supreme Court has concluded that, if liability is based on the sale of a product, liability "can be extended beyond those persons in privity of contract only by some provision of the U.C.C."  *Williams v. Fulmer*, 695 S.W.2d at 413.  The only exception to this privity requirement is K.R.S. § 355.2-318, which extends a seller's warranty "to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such a person may use, consume or be affected by the

goods" and who is injured by breach of the warranty.  This exception is not applicable here.[5]  As a result of the lack of privity between Plaintiff Larry Roberts and Solideal Tire, Plaintiff is not entitled to the potential remedies afforded a buyer of goods under a breach of warranty theory.[6]

### C.    Negligence Claim

As to Plaintiffs' negligence claim, Defendant submits it should be dismissed for lack of proof of negligent conduct because Plaintiffs have no evidence that Defendant's representative instructed Roberts to puncture the subject tire.  Defendant emphasizes that "the only evidence the Plaintiff has to support this allegation is his own self-serving testimony."  Defendant complains that Plaintiffs should have conducted more discovery, pointing out that it has a witness (Parker Howard) who was at the plant and has testified that he never heard the Solideal Tire representative give any express directions to puncture the tire bulge.

Nevertheless, while Defendant may find Plaintiff Larry Roberts' testimony unconvincing or contrary to the evidence it has uncovered through discovery, the weight to be given to Roberts' testimony is a matter to be determined by a jury.  *Anderson*, 477 U.S. at 255 (noting that "[c]redibility determinations, the weighing of evidence, and the

---

[5]Even if Plaintiff argued that he was an employee of NAS or a guest in NAS's home at the time of the accident by virtue of his assignment to that plant and, thus, entitled to the protection afforded by K.R.S. § 355.2-318 because NAS was the "buyer" of the subject tire, Plaintiff's breach of warranty claims would still fail.  "The Legislature did not intend to include employees of a commercial purchaser within the parameter of this section."  *McLain v. Dana Corp.*, 16 S.W.3d 320, 326-27 (Ky. Ct. App. 1999).

[6]Because summary judgment in Defendant's favor as to Plaintiffs' breach of warranty claims based on a lack of privity between the parties is appropriate, the Court need not address Defendant's argument that it is protected from breach of warranty liability under K.R.S. § 411.340, commonly referred to as the Kentucky Middleman Statute.

drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict"). In this case, accepting the Plaintiff's version of the facts as true (i.e., that Solideal Tire representative Rob Lake, after a lengthy discussion with Solideal Tire representatives in California, instructed Plaintiff to puncture the bulge in an attempt to relieve pressure in the subject tire), a reasonable jury could return a verdict for Plaintiff. *Id.* at 252. Therefore, despite Defendant's arguments to the contrary, the testimony of Plaintiff regarding his version of the events surrounding the accident creates a genuine issue of material fact as to whether Defendant, through its representative, acted negligently at the time in question.

Defendant also argues that Plaintiffs' negligence claim fails because Roberts has offered no admissible evidence that his claimed injuries were caused and brought about by any alleged negligent conduct of Lake. In other words, even if there is sufficient evidence to create a question for the jury on whether Defendant breached a duty, Roberts' claim still fails for lack of expert testimony to establish medical causation. Defendant supports its contention by pointing to the Magistrate Judge's Memorandum Order of January 11, 2007 (Doc. #26), that excluded the expert opinion testimony of Plaintiff's treating physicians, Drs. Gregory Koo and Mitchell Simmons, for failure to comply with the requirements of Federal Civil Rule 26(a)(2)(B). Specifically, the Order prohibits Drs. Koo and Simmons from testifying to the extent that they are called to offer opinion testimony outside of the scope of their diagnosis and treatment. The Order additionally states that "compliance with Rule 26(a)(2) is required to the extent those physicians attempt to render expert opinions concerning causation or otherwise in anticipation of litigation." (Doc. #26, at 3).

Defendant argues that the injuries alleged in this case are the type for which expert medical testimony is needed in order for the issue to be submitted to the jury.  Furthermore, Defendant opines that Plaintiffs will be unable to prove damages without expert medical testimony.  However, in *Fielden v. CSX Transportation, Inc.*, 482 F.3d 866, 869 (6th Cir. 2007), decided after the Magistrate Judge's Order, the Sixth Circuit determined that Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure does not require the filing of an expert report where the physician was not retained "for purposes of providing expert testimony."

In *Fielden*, the plaintiff, an employee at defendant company, brought suit under the Federal Employers Liability Act (FELA), alleging that he suffered injuries to his arms and hands because his employer had assigned him to operate a plate jack machine.  *Id.* at 868. Based on plaintiff's failure to submit an expert report, the district court excluded the treating physician's testimony that plaintiff's operation of the plate jack caused his injuries which, in turn, led the trial court to find that no genuine issue of fact existed.  On appeal, the Sixth Circuit reversed, holding that Rule 26(a)(2)(B) did not require the filing of an expert report where the plaintiff did not retain the physician for purposes of providing expert testimony. *Id.* at 867.  Furthermore, the court noted that there was evidence that the physician "formed his opinions as to causation at the time that he treated [the plaintiff] and there [was] no evidence that [the physician] formed his opinion at the request of [plaintiff's] counsel."  *Id.* at 869.  The Sixth Circuit concluded that summary judgment was not warranted because "[the physician's] testimony on causation coupled with [the plaintiff's] testimony about his use of the 'plate jack' created a genuine issue of material fact as to [the company's] liability."  *Id.* at 872.

-8-

The Sixth Circuit's reasoning in *Fielden* applies in this case.[7]  "Rule 26(a)(2)(B) by its terms provides that a party needs to file an expert report from a treating physician only if that physician was 'retained or specially employed to provide expert testimony.'" *Fielden*, 482 F.3d at 869.  Furthermore, the Advisory Committee Note to Rule 26 states that a "treating physician...can be deposed or called to testify at trial without any requirement for a written report."  *Id.* at 869.

In order for a physician to treat a patient, he or she "may need to determine the cause of an injury.  Determining causation may therefore be an integral part of 'treating' a patient."  *Id.* at 870.  In *Martin v. CSX Transportation, Inc.*, a case allowing the testimony of treating physicians without a written report, the court stated:

> It is within the normal range of duties for a health care provider to develop opinions regarding causation and prognosis during the ordinary course of an examination. To assume otherwise is a limiting perspective, which narrows the role of a treating physician. Instead, to properly treat and diagnose a patient, the doctor needs to understand the cause of a patient's injuries.  *See McCloughan v. City of Springfield*, 208 F.R.D. 236, 242 (C.D. Ill. 2002) ("doctors do not operate in a vacuum. . . . Thus, the [c]ourt believes causation, diagnosis, and prognosis would be based on the treating physician's personal knowledge. . . .").

*Martin v. CSX Transp., Inc.,* 215 F.R.D. 554, 557 (S.D. Ind. 2003).  The Sixth Circuit, in defining the limitations to be imposed on the testimony of treating physicians, noted that:

---

[7]*Fielden* of course was an FELA suit.  In *Fielden*, the Sixth Circuit stated that a "'relaxed' standard of causation applies in FELA cases,"  482 F.3d at 872 (citing *Aparicio v. Norfolk & W. Ry. Co.*, 84 F.3d 803, 812 (6th Cir. 1996)), and determined that the combination of the physician's testimony on causation and Fiedlen's testimony about the machinery he used satisfied this "relaxed" standard.  *Id.*  While FELA's "relaxed" causation standard does not apply to the instant case, the Sixth Circuit's analysis of the permissible scope of a treating physician's testimony under Rule 26 does.  Other courts have looked to *Fielden* for direction on this question outside the FELA context.  *See, e.g., Gass v. Marriott Hotel Servs.*, 2007 WL 1343675, at *4-5 (W.D. Mich. 2007) (noting that the "Sixth Circuit has recently clarified the appropriate analytical framework for physician expert testimony in *Fielden*").

when the nature and scope of the treating physician's testimony strays from the core of the physician's treatment, Rule 26(a)(2)(B) requires the filing of an expert report from that treating physician. The determinative issue is the scope of the proposed testimony. Under this purposive reading of Rule 26, a report is not required when a treating physician testifies within a permissive core on issues pertaining to treatment, based on what he or she learned through actual treatment and from the plaintiff's records up to and including that treatment.

*Fielden*, 482 F.3d at 870-71 (internal citations and quotations omitted).

As the Magistrate Judge's previous Order sets forth, Drs. Koo and Simmons will be limited to testifying about their diagnosis and treatment of Plaintiffs' conditions and may not render expert opinions outside of the scope of diagnosis and treatment as reflected in the medical records. (Doc. #26). But where causation testimony is based on facts within the scope of Plaintiff's treatment, such testimony will be allowed. That previous Order, which noted that "compliance with Rule 26(a)(2) is required to the extent those physicians attempt to render *expert* opinions concerning causation or otherwise in anticipation of litigation" is not contradicted by this result (Doc. #26, at 3) (emphasis added), since this Opinion merely recognizes the scope of Drs. Koo and Simmons' testimony as treating physicians. Drs. Koo and Simmons otherwise remain barred from offering their expert testimony as to causation, except to the extent that their opinions regarding causation fall within the parameters of their diagnosis and treatment. Based on Plaintiff's own description of the accident and the resulting injuries and the treating physicians' opinions developed within the scope of diagnosis and treatment, the Court is satisfied that a genuine issue of material fact as to medical causation exists.

### III.  CONCLUSION

For the reasons set forth hereinabove, **IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. #31) be, and hereby is, **GRANTED IN PART** as to Plaintiffs' breach of warranty claims, and **DENIED IN PART** as to Plaintiffs' negligence claim.

**IT IS FURTHER ORDERED** that this case be, and it is, hereby set for a **Status Conference on October 25, 2007 at 9:30 A.M.**

This 10TH day of October, 2007**.**



Signed By:

_David L. Bunning_   DB

United States District Judge

G:\DATA\Opinions\2-06-14-MSJ.wpd

-11-